UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDY COLON,

                              Plaintiff,

-against-

3530 EQUITIES LLC and HYSEN MEHMETAJ,

                              Defendants.
------------------------------------------------------------X

Case No. 22-cv-01896

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff, EDY COLON ("Colon" or "Plaintiff"), by his attorneys, RAPAPORT LAW FIRM, PLLC, as and for his Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to seek unpaid wages, including unpaid minimum wages, unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

2. This action further invokes the supplemental jurisdiction of this Court to consider minimum wage, overtime and related claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195; and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142, and NY Labor Law § 215).

3. At all relevant times, Defendants operated as a unified and centrally-controlled real estate enterprise, operating from a management office at 630 Central Park Avenue, Yonkers, New York (the "Central Park Avenue Office"), that owns and/or controls at least five apartment buildings (the "Buildings") in Bronx County, including, upon

information belief, apartment buildings situated at: 2295 Grand Concourse, 1515 Grand Concourse, 5 East 196th Street, 3530 Dekalb Avenue and 3535 Rochambeau Avenue.

4. At all relevant times, Defendants' real estate enterprise, which is hereinafter referred to as the "Mehmetaj Enterprise," functioned under the direction and control of individual Defendant Hysen Mehmetaj, ("Mehmetaj").

5. The Mehmetaj Enterprise had policies of encouraging and requiring its superintendents, including Plaintiff, to work in excess of forty (40) hours per week, without paying them overtime compensation as required by the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331) and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

7. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in this judicial district.

8. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

**Plaintiff**

9. Colon is an adult, natural person who resides in Bronx County, New York.

10. Commencing in or about February 2020, Colon became Defendants' employee by virtue of Defendants purchases of the apartment building located at 3530 Dekalb Avenue, Bronx, New York 10467 (the "Dekalb Building"), where Colon worked as superintendent.

11. The Dekalb Building is a multi-family apartment building with approximately 51 rental apartment units.

12. Colon was the Dekalb Building's superintendent until Defendants terminated Colon from his job on or about April 9, 2021.

**Defendants**

13. At all relevant times, Defendants owned, managed and/or controlled the Buildings, each of which is nominally titled in the name of a title-holding entity controlled by Mehmetaj.

14. At all times relevant to this action, the Mehmetaj Enterprise was "an enterprise engaged in interstate commerce" within the meaning of the FLSA, and the Mehmetaj Enterprise owned, controlled and operated residential apartment buildings with a common business purpose.

15. At all relevant times, the Mehmetaj Enterprise had (a) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of revenues in excess of $500,000.00.

16. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, NYLL §§ 2 and 651, and all other statutes referred to in this Complaint.

18. At all times herein relevant, 3530 Equities LLC was a New York corporation doing business in Bronx County with a principal place of business at the Central Park Avenue Office.

19. At all relevant times, 3530 Equities LLC was the title owner of the Dekalb Building.

20. Mehmetaj is an individual engaging in (or who was engaged in) business in this judicial district during the relevant time period.

21. Mehmetaj is sued in his capacity as joint employer of Plaintiff, and owner, officer and/or agent of the Mehmetaj Enterprise and corporate defendant 3530 Equities LLC.

22. Mehmetaj's ownership and control of the Buildings, including but not limited to the Dekalb Building, is reflected by records filed by Defendants and/or by Defendants' lenders with the New York City Department of Finance on ACRIS.

23. Solely by way of example, upon information and belief, on or about February 6, 2020, Mehmetaj, in his capacity as Managing Member of 3530 Equities LLC, signed the agreement to extend and modify the mortgage secured by the Dekalb Building.

**FACTUAL ALLEGATIONS**

24. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay building maintenance employees by the same method, and share control over employees.

26. Each defendant possessed substantial control over the policies and practices over Plaintiff's working conditions.

27. Defendants jointly employed Plaintiff and were Plaintiff's joint employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants were a single employer of Plaintiff.

29. At all relevant times during Colon's employment as a superintendent, Colon was responsible for maintaining and repairing the Dekalb Building, including, *inter alia*, apartment renovations and turnovers, painting, light plumbing and electrical work, hauling, removal of cabinets, handling garbage and recycling, cleaning and similar tasks.

30. Colon's typical weekly work schedule consisted of working seven (7) days per week, as follows:

(a) <u>Monday through Friday:</u> from approximately 7:30 a.m. to approximately 6:00 p.m.;

(b) <u>Saturdays:</u> from approximately 7:30 a.m. to approximately 2:30 p.m.; and

(c) <u>Sundays:</u> from approximately 12:00 p.m. to approximately 4:00p.m.

31. Based on the foregoing, it is conservatively estimated that Colon worked an average of 63.5 hours per week. The foregoing is a particularly conservative estimate because the schedule set forth above does not take into account time that Colon spent on-call. Nor does the foregoing schedule account for emergent tasks, such as handling issues that would arise in late evenings and nights.

32. Colon was not paid for the hours he worked above his first forty (40) hours of work per week.

33. Defendants paid Colon $474.00 per week, which did not include premium overtime compensation (i.e., 1 ½ times Colon's effective hourly rate of pay) for hours worked above the first forty (40) hours per workweek. Therefore, Plaintiff's effective hourly rate was $11.85 per hour ($474/40 = $11.85), which was below New York's minimum wage rate applicable to Colon of $15.00.

34. Defendants did not keep track of the number of hours that Colon worked per week, and they did not provide any method for Colon to record and/or submit his number of hours worked, let alone the number of overtime hours worked.

## AS AND FOR A FIRST CAUSE OF ACTION
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201** *et seq.*

35. Colon incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

36. At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed Plaintiff as a maintenance worker, and employment position which engaged Plaintiff in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

37. In the performance of his duties for Defendants, Colon worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services he provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

38. Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. As a result of the foregoing, Plaintiff seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Plaintiff, together with

an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wages

40. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

41. The minimum wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

42. Defendants, in violation of the NYLL, willfully paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

43. With respect to the first forty (40) hours that Colon worked per week, his effective hourly rate of $11.85 fell short of the applicable minimum wage rate ($15.00) by $3.15 per hour.

44. Therefore, with respect to the first forty hours of work per week (i.e., not including overtime pay shortfalls), Colon is owed at least $126.00 per week, plus prejudgment interest and liquidated damages of 100%.

45. Plaintiff was damaged in amounts to be determined at trial.

46. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

49. Defendants willfully failed to pay Plaintiff for all of the hours that he worked in excess of 40 hours in a workweek, and none of Defendants' paychecks included premium overtime pay (1 ½ times Colon's effective, hourly rate of pay) for overtime.

50. Defendants willfully failed to pay Plaintiff premium overtime at a rate of time and one-half the regular rate of pay for all hours worked in excess of 40 hours per workweek.

51. Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

52. As a result of Defendants' knowing or intentional failure to pay Plaintiff overtime wages of 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours per workweek, Plaintiff is entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs, and pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

53. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

54. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

55. Defendants willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

56. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

### AS AND FOR A FIFTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices
### NYLL §§ 195(a) and 198 (1-b)

57. Plaintiff incorporates by reference in this cause of action the prior allegations of this Complaint as if fully alleged herein.

58. The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire.

59. Defendants failed to furnish Plaintiff at the time of hiring with wage notices required by NYLL § 191.

60. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages in the amount of $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff, Edy Colon, respectfully requests that the Court grant the following relief:

1. Declaring, adjudging and decreeing that Defendants violated the overtime provisions of the FLSA and NYLL and the minimum wage provisions of the NYLL, as to Plaintiff;

2. Awarding Plaintiff damages and/or restitution for the amount of unpaid compensation, including unpaid overtime compensation and unpaid minimum wages, plus interest, and statutory penalties in an amount to be proven at trial and liquidated damages;

3. Awarding statutory damages for Defendants' failure to provide Plaintiff with wage notices and statements and information required by NYLL § 198(1-b) and (1-d) and NYLL § 195(1) and (3);

4. Awarding statutory damages for Defendants' violation of NYLL § 191;

5. Declaring that Defendants' violations of the New York Labor Law were willful;

6. All Orders, findings and determinations identified and sought in this Complaint;

7. Compensatory damages for failing to reimburse Plaintiff for tools of the trade that Plaintiff provided to perform his job duties;

8. For prejudgment and post judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

9. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

10. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  New York, New York
       March 5, 2022

**RAPAPORT LAW FIRM, PLLC**

By: _____/s/_____
Marc A. Rapaport, Esq.
Attorneys for Plaintiff
*Edy Colon*
80 Eighth Avenue, Suite 206
New York, New York 10011
Ph: (212) 382-1600
mrapaport@rapaportlaw.com