**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

EDY COLON,

                   Plaintiff,

              -against-

3530 EQUITIES LLC, et al.,

               Defendants.

------------------------------------------------------------x

22-CV-1896 (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Edy Colon brought this action against 3530 Equities LLC and Hysen Mehmetaj (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs alleged failure to pay minimum wage and overtime wages, and failure to provide accurate wage statements. (ECF 21 at 1, 3). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 21). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 23). For the reasons below, the Court **APPROVES** the settlement agreement.

I.     **Background**[1]

Plaintiff states that from February 2020 to April 2021, he worked as a residential superintendent at Defendants' apartment building. (ECF 21 at 2). Plaintiff alleges that Defendants never provided him with an accurate method for reporting the number of hours

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

worked per week, and instead payed a fixed amount for each workweek. (ECF 21 at 2). Plaintiff

alleges that this amount was less than minimum wage, and did not account for any overtime

hours worked. (ECF 21 at 2-3). Plaintiff further alleges that Defendant failed to provide accurate

and complete wage notices and wage statements. (ECF 21 at 3). Through court-referred

mediation, the parties were able to reach a settlement agreement. (ECF 21 at 1).

## II.    Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal

court, but subjects that grant of permission to the limitations imposed by "any applicable

federal statute." The Second Circuit has held that "in light of the unique policy considerations

underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [Department

of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it

finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in

*Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement
> will enable the parties to avoid anticipated burdens and expenses in establishing
> their respective claims and defenses; (3) the seriousness of the litigation risks faced
> by the parties; (4) whether the settlement agreement is the product of arm's-length
> bargaining between experienced counsel; and (5) the possibility of fraud or
> collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a.   Range of Recovery

Plaintiff alleges that the potential maximum recovery is $40,594.50, exclusive of

liquidated damages. (ECF 21 at 3). The proposed settlement amount is $32,500.00. (ECF 21 at

4). Of the total settlement amount, Plaintiff would receive $21,530.00, approximately 53% of

his best-case scenario recovery, not including any liquidated damages or penalties. Plaintiff's counsel would receive $10,970.00 in attorneys' fees and costs, allocated as $10,300.00 for attorneys' fees and $670.00 for costs. (ECF 21 at 5). Given the risks of litigation as noted below, the Court finds this amount reasonable.

**b. Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 21 at 3-5). Plaintiff acknowledges the challenges he may face in establishing the number of hours he worked during his employment. (ECF 21 at 4).

**c. Arm's Length Negotiation**

The parties represent that the settlement was a product of extensive negotiations, and there is no evidence to the contrary. (ECF 21 at 2).

**d. Risk of Fraud or Collusion**

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

**e. Additional Factors**

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal

in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of $10,300.00 is reasonable, and represents slightly less than 33% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%"). Accordingly, the Court finds the attorneys' fee award to be reasonable.

### III.    Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. Plaintiff will receive **$21,530.00**. Plaintiffs' counsel will receive **$10,970.00**, with **$10,300.00** allocated to attorneys' fees and **$670.00** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**


                                              ___*s/ Ona T. Wang*_____
Dated: December 1, 2022                       **Ona T. Wang**
       New York, New York                     United States Magistrate Judge